## MANSFIELD v. COUNTY OF CAPE MAY.

Decided April 16, 1925.

Change of Venue—Such Changes are for Reasons of Practical Convenience and are Matters of Discretion—Reasons Alleged for Change Might Have Had Weight if Made in Due Season, but When Delayed for More Than a Year and Where Great Inconvenience Will Not Insure the Change Will Not be Made.

On application for rule to show cause why venue should not be changed.

Before Justice PARKER, sitting above.

For the plaintiff, *Andrew J. Whinery.*

For the defendant, *Palmer M. Way.*

Memorandum for information of counsel.

Plaintiff is a contractor residing in Bergen county, who built a bridge in Cape May county under contract with the board of chosen freeholders of that county. The present suit is the outcome of a disagreement about plaintiff's compensation, and the venue was laid in Bergen county as the county of plaintiff's residence. Defendant desires a change of venue to Cape May or an adjoining county on grounds of convenience, particularly that certain records of the freeholders must be brought to and kept at Hackensack during the trial, and that for the same period the county engineer and members of his staff will be detained at a great distance from their normal field of operation.

When an application of this kind is made in due season, such reasons as those suggested would, ordinarily, have much weight with the court. *Keeley v. Belmar,* 97 *N. J. L.* 98.

But it appears that this suit was begun in the summer of 1924, and was at issue in time to be tried at the September term, or, in any event, at the December term; that it was regularly noticed and listed for trial at the present April term, and not until the trial of the calendar was begun and was in progress was any move made by defendant inconsistent with the idea of trying the cause where the venue had been laid.

A change of venue for reasons of practical convenience is necessarily a matter of discretion. *Keeley* v. *Belmar, ubi supra.* Section 203 of the Practice act permits a rule to show cause "for good cause."

Under the circumstances, I do not think good cause has been shown. A rule, if made now, would come up for argument at the next term of the Supreme Court, and almost certainly a trial, already delayed, could not be had until the fall. Opposed to this forcible dislocation of normal court procedure is placed the inconvenience of transporting witnesses and documentary evidence to Hackensack. Counsel for plaintiff stipulates that the documentary evidence will be admitted without formal proof by witnesses, so that the only county officials needed will be the engineer and those connected with his department. To the argument that they will be removed from their urgent work on county roads, &c., the answer is made that a trial anywhere would prevent their field work.

On the whole, I think the application comes too late, and a rule to show cause must therefore be refused.